UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KAREN MICHAUD | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | NO. 3:25-CV-00481 (OAW) |
| | ) | |
| vs. | ) | |
| | ) | |
| CENTER FOR TRANSITIONAL LIVING L.L.C., | ) | |
| ANDY TRAN, JEFFREY FARMER | ) | |
| | ) | JULY 7, 2025 |
| Defendants. | ) | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Center for Transitional Living, L.L.C. ("CTL"), Andy Tran and Jeffrey Farmer, pursuant to Federal Rules of Civil Procedure, provide the following Answer and Affirmative Defenses:

## I.    INTRODUCTION

1.    The allegations of Paragraph 1 are statements of law as to which no responsive pleading is required.  Defendants admit that the cited authority exists and denies the remaining allegations of this Paragraph to the extent they are inconsistent with those cited authorities.

2.    Defendants lack sufficient information or knowledge about the identity of the members of the purported class who would opt-in to this litigation.  Defendants, therefore, lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 2 and leave the plaintiff to her proof.

3.    Denied.

## II.    JURISDICTION AND VENUE

4.    The allegations of Paragraph 4 are statements of law as to which no responsive pleading is required.

5.      The allegations of Paragraph 5 are statements of law as to which no responsive pleading is required.

6.      The allegations of Paragraph 6 are statements of law as to which no responsive pleading is required.

**III.    THE PARTIES**

7.      Defendants lack sufficient knowledge or information to admit or deny the Plaintiff's address.  Admitted that she worked as a personal care assistant for the Center for Transitional Living from January 28, 2025 through February 20, 2025.  The remainder of the allegations in Paragraph 7 are denied.

8.      Admitted.

9.      Admitted that Mr. Tran is a managing member of the Center for Transitional Living.  The remainder of the allegations in Paragraph 9 are denied.

10.     Admitted that Mr. Farmer is a managing member of the Center for Transitional Living.  The remainder of the allegations in paragraph 10 are denied.

11.     Admitted that Center for Transitional Living has offices in Connecticut and Massachusetts and that it employs personal care assistants in Connecticut and Massachusetts.  The remainder of the allegations in Paragraph 11 are denied.

12.     The allegations of Paragraph 12 are statements of law as to which no responsive pleading is required.  To the extent the allegations in this Paragraph differ from the cited authority the same is denied.

13.     Admitted.

14.     The allegations of Paragraph 14 are statements of law as to which no responsive pleading is required.  To the extent the allegations in this Paragraph differ from the cited authority the same is denied.

15. Denied that Mr. Tran or Mr. Farmer failed to pay wages. The remaining allegations of Paragraph 15 are statements of law as to which no responsive pleading is required. To the extent the allegations in this Paragraph differ from the cited authority the same is denied.

16. The allegations of Paragraph 16 are statements of law as to which no responsive pleading is required. To the extent the allegations in this Paragraph differ from the cited authority the same is denied.

17. The allegations of Paragraph 17 are statements of law as to which no responsive pleading is required. To the extent the allegations in this Paragraph differ from the cited authority the same is denied.

18. The allegations of Paragraph 18 are statements of law as to which no responsive pleading is required. To the extent the allegations in this Paragraph differ from the cited authority the same is denied.

19. Denied that Mr. Tran or Mr. Farmer failed to pay wages. The remaining allegations of Paragraph 19 are statements of law as to which no responsive pleading is required. To the extent the allegations in this Paragraph differ from the cited authority the same is denied.

20. Denied that there was a written consent for plaintiff to be a party to this action attached to the Complaint. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 20 and leaves the Plaintiff to her proof.

## IV.    LEGAL PRINCIPALS

21.    The allegations of Paragraph 21 are statements of law as to which no responsive pleading is required.  To the extent the allegations in this Paragraph differ from the cited authority the same is denied.

22.    The allegations of Paragraph 22 are statements of law as to which no responsive pleading is required.  To the extent the allegations in this Paragraph differ from the cited authority the same is denied.

23.    The allegations of Paragraph 23 are statements of law as to which no responsive pleading is required.  To the extent the allegations in this Paragraph differ from the cited authority the same is denied.

24.    The allegations of Paragraph 24 are statements of law as to which no responsive pleading is required.  To the extent the allegations in this Paragraph differ from the cited authority the same is denied.

25.    The allegations of Paragraph 25 are statements of law as to which no responsive pleading is required.  To the extent the allegations in this Paragraph differ from the cited authority the same is denied.

26.    The allegations of Paragraph 26 are statements of law as to which no responsive pleading is required.   To the extent the allegations in this Paragraph differ from the cited authority the same is denied.

## V.    FACTS

27.    Admitted that Center for Transitional Living hired Michaud as a Personal Care Assistant on January 28, 2025. The remaining allegations of Paragraph 27 are denied.

28.    Denied.

-4-

29.     Denied that CTL employs "Caregivers."   It employs "Personal Care Assistants."  Admitted that CTL's Personal Care Assistants assist CTL's clients with activities of daily living and other companionship duties.  The remainder of the allegations in Paragraph 29 are denied.

30.     Admitted that the list of activities are some of the things some of CTL's Personal Care Assistants may perform for CTL's clients.  Denied that all Personal Care Assistants perform all of the listed duties.

31.     Defendants lack sufficient information or knowledge about the identity of the members of the purported Class who would opt-in to this litigation, and therefore, lack sufficient information or knowledge to admit or deny the allegations in Paragraph 31.

32.     Admitted that for some days of work Plaintiff was paid $240.00, but that she received different compensation on other days.

33.     Admitted that Plaintiff was informed that she should take eight hours of sleep time and three hours of meals per twenty-four hour workday.  Admitted that if an employee has eleven hours of sleep and meal breaks combined that the remaining available work hours add up to thirteen.  Defendants lack sufficient information or knowledge about the identity of the members of the purported Class who would opt-in to this litigation, and therefore, denies the allegations of this Paragraph as applied to them. The remainder of the allegations in Paragraph 33 are denied.

34.     Admitted that if an employee worked thirteen hours per day for seven days that employee would have worked ninety-one hours in that seven day period.  The remainder of the allegations in Paragraph 34 are statements of law as to which no responsive pleading is required.

35.    Denied that Plaintiff, who worked for eighteen (18) days for CTL, had a "typical week."  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 35 and leave the Plaintiff to her proof.

36.    The allegations of Paragraph 36 are statements of law as to which no responsive pleading is required.  To the extent a pleading is required, the allegations of Paragraph 36 are denied.

37.    Defendants lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 37 and leave the Plaintiff to her proof.

38.    Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 38 and leave the Plaintiff to her proof.

39.    Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 39 and leave the Plaintiff to her proof.

40.    The allegations of Paragraph 40 are statements of law as to which no responsive pleading is required.  To the extent the allegations in this Paragraph differ from the cited authority the same is denied.

41.    Defendants lack sufficient information to admit or deny the allegations in Paragraph 41 and leave the Plaintiff to her proof.

## VI.    THE FLSA COLLECTIVE

42.    It is denied that the proper lookback period is three years before the filing of the complaint.  Defendants lack sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 42 and leave the Plaintiff to her proof.

43.    Defendants deny that a class or collective is warranted or appropriate in this action.  The remainder of the allegations in Paragraph 43 are denied.

44.    Denied.

45.     The allegations of Paragraph 45 are statements of law as to which no responsive pleading is required.

46.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 46 and leave the Plaintiff to her proof.

47.     Denied.

## VII.    THE RULE 23 CLASS

48.     Defendants acknowledge that Plaintiff purports to bring the identified class actions.     Defendants deny that such a class or collective action is warranted or appropriate in this matter.  Defendants deny the remaining allegations of Paragraph 48.

49.     Defendants acknowledge that Plaintiff purports to bring the identified class actions.     Defendants deny that such a class or collective action is warranted or appropriate in this matter.  Defendants deny the remaining allegations of Paragraph 49.

50.     Defendants acknowledge that Plaintiff purports to bring the identified class actions.     Defendants deny that such a class or collective action is warranted or appropriate in this matter.  Defendants deny the remaining allegations of Paragraph 50.

51.     Defendants acknowledge that Plaintiff purports to bring the identified class actions.     Defendants deny that such a class or collective action is warranted or appropriate in this matter.  Defendants deny the remaining allegations of Paragraph 51.

52.     Defendants acknowledge that Plaintiff purports to bring the identified class actions.     Defendants deny that such a class or collective action is warranted or appropriate in this matter.  Defendants deny the remaining allegations of Paragraph 52.

53.     Defendants acknowledge that Plaintiff purports to bring the identified class actions.     Defendants deny that such a class or collective action is warranted or appropriate in this matter.  Defendants deny the remaining allegations of Paragraph 53.

54. Defendants acknowledge that Plaintiff purports to bring the identified class actions. Defendants deny that such a class or collective action is warranted or appropriate in this matter. Defendants deny the remaining allegations of Paragraph 54.

55. Defendants acknowledge that Plaintiff purports to bring the identified class actions. Defendants deny that such a class or collective action is warranted or appropriate in this matter. Defendants deny the remaining allegations of Paragraph 55.

56. Defendants acknowledge that Plaintiff purports to bring the identified class actions. Defendants deny that such a class or collective action is warranted or appropriate in this matter. Defendants deny the remaining allegations of Paragraph 56.

## VIII.   LEGAL CLAIMS

**COUNT ONE:     VIOLATION OF THE FAIR LABOR STANDARDS ACT, 21 U.S.C. Section 201, *et. seq.* against Defendant CTL**

57. Denied.

58. Admitted that the cited remedies are available under the FLSA. The remaining allegations of Paragraph 58 are denied.

**COUNT TWO:     VIOLATION OF THE FAIR LABOR STANDARDS ACT, 21 U.S.C. Section 201, *et. seq.* against Defendant Andy Tran**

59. Denied.

60. Admitted that the cited remedies are available under the FLSA. The remaining allegations of Paragraph 60 are denied.

**COUNT THREE:   VIOLATION OF THE FAIR LABOR STANDARDS ACT, 21 U.S.C. Section 201, *et. seq.* against Defendant Jeffrey Farmer**

61. Denied.

62. Admitted that the cited remedies are available under the FLSA. The remaining allegations of Paragraph 62 are denied.

**COUNT FOUR:        VIOLATION OF C.G.S. Sec. 31-68 ("CMWA"), Mass. Gen. Laws Ann. Ch. 151 § 1B ("MWA") and 28 R.I. Gen. Laws Ann. §28-14-19.2(a) ("RIMWA") as to Defendant CTL**

63.    Denied.

64.    Denied.

65.    Admitted that the cited remedies are available under the cited laws.  The remaining allegations of Paragraph 65 are denied.

**COUNT FIVE:        VIOLATION OF C.G.S. Sec. 31-68 ("CMWA"), Mass. Gen. Laws Ann. Ch. 151 § 1B ("MWA") and 28 R.I. Gen. Laws Ann. §28-14-19.2(a) ("RIMWA") as to Defendant Jeffrey Farmer**

66.    Denied.

67.    Denied.

68.    Admitted that the cited remedies are available under the cited laws.  The remaining allegations of Paragraph 68 are denied.

**COUNT SIX:        VIOLATION OF C.G.S. Sec. 31-68 ("CMWA"), Mass. Gen. Laws Ann. Ch. 151 § 1B ("MWA") and 28 R.I. Gen. Laws Ann. §28-14-19.2(a) ("RIMWA") as to Defendant Andy Tran**

69.    Denied.

70.    Denied.

71.    Admitted that the cited remedies are available under the cited laws.  The remaining allegations of Paragraph 65 are denied.

**DEMAND FOR RELIEF**

Defendants deny all allegations of this Paragraph, including each and every subpart.

**AFFIRMATIVE DEFENSES**

**First Affirmation Defense**

The Complaint fails to state a claim upon which relief can be granted.

-9-

## Second Affirmative Defense

To the extent any potential collective or class action members seek to recover for time periods beyond the statute of limitations, said recovery is barred as untimely.

## Third Affirmative Defense

Defendants acted in good faith and had reasonable grounds to believe that they acted properly in their pay practices and were in good faith compliance with the FLSA and applicable state laws with respect to Plaintiff and/or any potential collective or class action members.

## Fourth Affirmative Defense

Some or all of Defendants' actions were taken in good faith conformity and/or reliance on administrative regulation, order, ruling, approval or interpretation or practice of the Department of Labor.

## Fifth Affirmative Defense

Some or all of the actions are barred because Plaintiff and/or potential collective or class members seek to recover for time that is de minimis work time and thus is not compensable under the FLSA.

## Sixth Affirmative Defense

Defendants did not know or show reckless disregard for whether their conduct was prohibited by the FLSA and/or applicable state laws.

## Seventh Affirmative Defense

Defendants engaged in no acts or omissions that would meet the standard required to sustain an award of punitive damages; were not motivated by evil intent; do not evidence a malicious; knowing, oppressive or fraudulent intent; and are not so willful or wanton to support an award of punitive damages.

-10-

**<u>Eighth Affirmative Defense</u>**

Plaintiff's claims and/or those of potential collective action members are barred, in whole or in part, by statutory exclusions, exceptions, setoffs, or credits under the FLSA.

The Complaint is presented in conclusory and vague terms, which prevents Defendants from anticipating all affirmative defenses that may be applicable to the action. Therefore, Defendants reserves the right to assert additional defenses that may become known during the course of discovery.

THE DEFENDANTS, CENTER FOR TRANSITIONAL LIVING, L.L.C., ANDY TRAN AND JEFFREY FARMER


By:  /s/ *Melinda B. Kaufmann*
      Joshua Hawks-Ladd ct09446
      Melinda B. Kaufmann ct26712
      Pullman & Comley, LLC
      90 State House Square
      Hartford, CT 06103
      Telephone (860) 424-4390
      Facsimile (860) 424-4370
      mkaufmann@pullcom.com
      Their Attorneys

-11-

## CERTIFICATION

I hereby certify that on July 7, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ *Melinda B. Kaufmann*
Melinda B. Kaufmann

ACTIVE/86584.1/MKAUFMANN/20452628v1